CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
TERRA D. CASTILLO LAUGHTON (Bar No. 321683)
(E Mail: terra_laughton@fd.org)
Deputy Federal Public Defender
411 West Fourth Street, Suite 7110
Santa Ana, California  92701-4598
Telephone:  (714) 338-4500
Facsimile:  (714) 338-4520

Attorneys for Defendant
WAYNE BRIDGEWATER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:02-cr-00938-DOC-13 |
| Plaintiff, | **[PROPOSED] ORDER GRANTING DEFENDANT WAYNE BRIDGEWATER'S MOTION FOR COMPASSIONATE RELEASE AND/OR REDUCTION OF SENTENCE (ECF NO. 7496)** |
| v. | |
| WAYNE BRIDGEWATER. | |
| Defendant. | |

This matter is before the Court on Defendant Wayne Bridgewater's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 7496 ("Motion").  The Court has reviewed the Motion, its exhibits, the government's Opposition, Defendant's Reply, and other related filings.  For the reasons set forth below, the Court GRANTS Defendant's Motion and re-sentences him to _____ months of imprisonment.

## I. INTRODUCTION

In 2008, Mr. Bridgewater was sentenced to multiple life sentences.  ECF No. 5919.  On September 18, 2025, he filed a motion for compassionate release.  ECF No. 7496.  The government filed an opposition.  ECF No. 7499.  Mr. Bridgewater filed a reply brief on December 15, 2025.  ECF No. 7501.  The Court took the motion under submission.  ECF No. 7502.

## II. LEGAL STANDARD

Courts are empowered to reduce a term of imprisonment if (1) the defendant has exhausted his administrative remedies and (2) after considering the Section 3553(a) factors, (3) the court finds "extraordinary and compelling reasons warrant such a reduction."  *See* 18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission has set forth examples of "extraordinary and compelling reasons" in Section 1B1.13 of the United States Sentencing Guidelines.

## III. DISCUSSION

The government does not dispute that Mr. Bridgewater has exhausted his administrative remedies.  Therefore, the Court finds this requirement is met and focuses on the remaining portions of the analysis.

### A.    Extraordinary and compelling reasons

The Court finds Mr. Bridgewater has established extraordinary and compelling reasons for relief based on his medical issues.  Mr. Bridgewater is currently 73 years old and suffers from severe chronic back pain that has required multiple spinal fusion

1

surgeries.  It appears from the medical records submitted to the Court that BOP has been unable to provide him the medical treatment he requires in a timely manner, as evidenced by the apparent delay in Mr. Bridgewater receiving back surgeries and a complication caused by one of those surgeries.  Mr. Bridgewater also suffers from dilated pancreatic and bilatory ducts, hemangiomas of the spleen, an enlarged prostate, and high blood pressure.

As additional support for its findings, the Court notes that Mr. Bridgewater has engaged in extensive rehabilitation in prison, as discussed below.  Moreover, Mr. Bridgewater's decades in solitary confinement at ADX Florence have undoubtedly taken a toll, rendering Mr. Bridgewater's time in custody a significant punishment, and exacerbating his medical issues.

Mr. Bridgewater's medical conditions meet the requirements of Section 1B1.13(b)(1)(B), (b)(1)(C), and (b)(5) of the Sentencing Guidelines, as well as Section 1B1.13(b)(2), focused on inmates like Mr. Bridgewater who are over 65 years old.

**B.      Section 3553(a) factors**

Overall, Mr. Bridgewater has served nearly fifty years—almost his entire adult life—in prison.  He has participated in extensive rehabilitative efforts while in custody, including by taking over 30 educational courses.  Moreover, the parties agree that Mr. Bridgewater's disciplinary violations while in custody are nonviolent and not severe, which confirms that his imprisonment has achieved its goal and he is not likely to recidivate.  Mr. Bridgewater's history and characteristics, and the need for punishment and deterrence, therefore support relief.

The offense conduct in this case was very serious.  But this is simply one factor in the Court's analysis; the nature of the offense conduct does not preclude compassionate release.  Mr. Bridgewater is now an elderly man suffering from debilitating pain.  The Court does not believe he poses any ongoing risk to society.  Therefore, the Court finds that the Section 3553(a) factors weigh in favor of relief.

2

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Mr. Bridgewater's request for compassionate release and/or reduction in sentence.  His sentence is reduced to _____.

IT IS SO ORDERED

DATED:          ___, 2025     By_____
                                        HON. DAVID O. CARTER
                                        UNITED STATES DISTRICT JUDGE