TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
JOHNPAUL LECEDRE (Cal. Bar No. 303100)
Assistant United States Attorney
Post-Conviction and Special Litigation Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4447
     Facsimile: (213) 894-0142
     E-mail:  johnpaul.lecedre@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY BYRON MILLS et al., | No. 2:02-cr-00938-DOC-13 |
| WAYNE BRIDGEWATER (13), | [PROPOSED] ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A) |
| Defendant, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Plaintiff. | |

     This matter is before the Court on defendant Wayne Bridgewater's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 7496. The Court has reviewed the motion, the government's opposition, all related exhibits, and other filings. As set forth below, the Court DENIES Defendant's motion.

i

**I.    INTRODUCTION**

Defendant Wayne Bridgewater moves for compassionate release under 18 U.S.C. 3582(c)(1)(A), seeking a reduction of the multiple life sentences imposed for two premeditated murders and an attempted murder committed in federal custody to advance a racially motivated prison gang conspiracy. Dkts. 5156, 5689.

After careful review of the motion, the government's opposition, Defendant's reply, the medical and institutional records, and the governing law, the Court concludes that Defendant has not established extraordinary and compelling reasons within the meaning of § 3582(c)(1)(A) and within U.S.S.G. § 1B1.13. Moreover, even if such reasons existed, the sentencing factors under 18 U.S.C. § 3553(a)—particularly the seriousness of the offenses, the need to protect the public, and the imperative of deterrence—independently require denial. The motion is therefore DENIED.

**II.   LEGAL FRAMEWORK FOR COMPASSIONATE RELEASE**

After a sentence is imposed, the "rule of finality" generally forbids its modification. Freeman v. United States, 564 U.S. 522, 526 (2011) (plurality opinion); Dillon v. United States, 560 U.S. 817, 824-25 (2010); United States v. Mercado-Moreno, 869 F.3d 942, 948 (9th Cir. 2017). Compassionate release is one of the "few narrow exceptions," Freeman, 564 U.S. at 526, allowing a court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment," 18 U.S.C. § 3582(c)(1)(A).

1

Because this relief is drastic and permanent, courts are never obligated to award it. Rather, this Court "may" reduce a sentence but only if the defendant satisfies statutory requirements.

Under 18 U.S.C. § 3582(c)(1)(A), this Court must use a three-step test to analyze defendants' motions. First, this Court must determine whether "extraordinary and compelling reasons" warrant a sentence reduction. § 3582(c)(1)(A). Second, this Court must evaluate whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." Id. Third, this Court must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted under the particular circumstances of the case. See United States v. Wright, 46 F.4th 938, 945 (9th Cir. 2022) (describing these steps).

"Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds." Id. Defendant bears the burden to prove that "extraordinary and compelling reasons" exist. See United States v. Greenhut, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020). And the defendant bears the burden of establishing the requirements for a sentence reduction by a preponderance of the evidence. See, e.g., United States v. Sprague, 135 F.3d 1301, 1306-07 (9th Cir. 1998).

## III. DISCUSSION

The government does not dispute that Defendant satisfied the administrative exhaustion requirement of 18 U.S.C. 3582(c)(1)(A). Gov't Opp'n (Dkt. 7499) at 6. The Court therefore turns to the merits

of Defendant's motion. For the reasons set for below, the Court concludes that Defendant has not established extraordinary and compelling reasons warranting compassionate release. The Court further concludes that, even if such reasons were established, consideration of the factors set forth in 18 U.S.C. 3553(a) independently and decisively weighs against a reduction in sentence.

**A.    Defendant's Medical Conditions Do Not Qualify Under U.S.S.G. § 1B1.13(b)(1)**

Defendant first argues that his medical conditions constitute extraordinary and compelling reasons for a sentence reduction. Def's Mot. (Dkt. 7496). The Court disagrees.

Under U.S.S.G. § 1B1.13(b)(1), medical circumstances qualify as extraordinary and compelling only where a defendant suffers from a terminal illness, a serious medical condition that substantially diminishes the ability to provide self-care within a correctional facility, or a condition requiring specialized care that the Bureau of Prisons ("BOP") cannot adequately provide. Ordinary chronic conditions, age-related ailments, or medical issues that are actively treated do not meet this standard.

The record demonstrates that Defendant's conditions—while chronic and undoubtedly uncomfortable—are stable and actively managed by BOP medical staff. Gov't Opp'n at 10. Defendant receives regular medical evaluations, ongoing pain management, diagnostic imaging, specialist consultations, and post-surgical follow-up care. Id. at 11. His medical records consistently reflect that he is alert, oriented, ambulatory, and capable of performing activities of daily living within the custodial environment. Id.

Critically, Defendant does not contend—nor does the record suggest—that he is unable to bathe, dress, walk, communicate, manage his medications, or otherwise care for himself while in custody. Id. at 14. To the contrary, medical providers repeatedly note that Defendant remains functional and that his prescribed treatment enables him to carry out daily activities. Id. at 12.

The BOP's own compassionate release review confirms this conclusion. Id. at 10. After evaluating Defendant's medical status pursuant to BOP's program statements, BOP staff determined that Defendant did not qualify for a reduction in sentence under any medical category. Id. While not dispositive, this assessment is persuasive evidence that Defendant's condition does not approach the narrow circumstances contemplated by § 1B1.13(b)(1).

Defendant's reliance on post-surgical complication and ongoing pain does not alter the analysis. Chronic pain, degenerative conditions, and unsuccessful or incomplete relief from surgery—without a resulting inability to engage in self-care—do not constitute extraordinary reasons for compassionate release. In short, Defendant's medical circumstances reflect chronic but managed conditions, not the type of severe, incapacitating, or terminal medical deterioration required by § 3582(c)(1)(A) and U.S.S.G. § 1B1.13(b)(1). The basis for relief therefore fails.

**B.   Age-Based Claim Under U.S.S.G. § 1B1.13(b)(2)**

Defendant also seeks compassionate release under the age-based provision of U.S.S.G. § 1B1.13(b)(2). That provision authorizes relief where a defendant: (1) is at least 65 years old; (2) is experiencing serious deterioration in physical or mental health because of the aging process; and (3) has served 10 years or 75

4

percent of his term of imprisonment, whichever is less. Def's Mot. at 9.

The parties do not dispute that Defendant satisfies the age and time-served requirements. Gov't Opp'n at 16. The sole question is whether Defendant has shown a serious deterioration in physical or mental health because of aging, as required by the guideline.

After reviewing the motion, opposition, reply, and accompanying medical records, the Court concludes that Defendant has not made that showing. Although Defendant suffers from chronic medical conditions, the record reflects that those conditions are longstanding and actively managed, rather than the result of a recent or accelerating age-related decline. Defendant continues to receive regular medical care, including diagnostic evaluations, surgical intervention, and ongoing treatment. Id. at 10.

The age-based provision of § 1B1.13(b)(2) requires more than the presence of medical conditions common among elderly inmates. It requires evidence of serious deterioration attributable to the ageing process itself, such that continued incarceration meaningfully undermines the defendant's health or ability to function within a correctional setting. On this basis, that standard is not met.

Defendant's continued reports of pain and physical limitation are not disregarded, but persistent symptoms, even when significant do not alone establish the type of serious age-related deterioration contemplated by § 1B1.13(b)(2), particularly where the record reflects ongoing and responsive medical care.

Accordingly, the Court finds that Defendant has not established extraordinary and compelling reasons for compassionate release under U.S.S.G. § 1B1.13(b)(2).

**C.    The 18 U.S.C. § 3553(a) Factors**

Even if Defendant had established extraordinary and compelling reasons for relief, the Court would deny the motion based on its consideration of the factors set forth in 18 U.S.C. § 3553(a). Those factors weigh strongly against a reduction in sentence.

Defendant's offense conduct was exceptionally serious. Defendant committed violent crimes while in federal custody, including conduct that resulted in the death of other inmates. Gov't Opp'n at 3. Crimes of this nature, particularly those committed in a custodial setting, implicate heightened concerns regarding deterrence, institutional safety, and respect for the law. The seriousness of that conduct is not diminished by the passage of time.

The Court has considered Defendant's age, the length of time he has served, and the absence of recent violent disciplinary infractions. These considerations weight in Defendant's favor to a limited extent. They do not, however, outweigh Defendant's demonstrated capacity for extreme violence in custody or the need for a sentence that reflects the gravity of that conduct. While age may reduce risk, it does not erase the significance of Defendant's history or the need for continued incarceration.

Reducing Defendant's sentence would not adequately reflect the seriousness of the offense, promote respect for the law, or provide just punishment. Nor would it serve the interests of general deterrence, particularly in cases involving violent conduct committed while incarcerated. The Court also finds that continued incarceration remains necessary to protect the public and to maintain institutional order.

6

After considering all applicable § 3553(a) factors, the Court concludes that they independently and decisively weigh against compassionate release.

**IV.    CONCLUSION**

Defendant has failed to establish extraordinary and compelling reasons under 18 U.S.C. 3582(c)(1)(A), and the Court further concludes that the sentencing factors under 18 U.S.C. 3553(a) provide an independent and sufficient basis for denial. Defendant's Motion for Compassionate Release and/or Reduction in Sentence is therefore DENIED.